```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES KALAMARAS,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-4274(JS)(ARL)

CHARLES EWALD, Warden of the
Suffolk County Correctional
Facility, NEW YORK STATE DIVISION
OF PAROLE, DENNIS OSBORNE, Bureau
Chief, Eastern Suffolk County,
PAUL MURPHY, Senior Parole Officer,
and PAROLE OFFICER THOMAS,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     James Kalamaras, pro se
                   90 Pear St.
                   Brentwood, NY 11717

For Defendants:    No appearances.
```

SEYBERT, District Judge:

Presently pending before the Court is the pro se Complaint brought by incarcerated pro se plaintiff James Kalamaras ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Charles Ewald, Warden of the Suffolk County Correction Facility ("Ewald"); the New York State Division of Parole ("Division of Parole"); Dennis Osborne, Bureau Chief, Eastern Suffolk County ("Bureau Chief Osborne"); Paul Murphy, Senior Parole Officer ("Officer Murphy"); and Parole Officer Thomas ("Officer Thomas") (collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma

pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the action is sua sponte DISMISSED IN PART.

BACKGROUND[1]

Plaintiff's Complaint, though difficult to discern, alleges that Plaintiff was denied equal protection under the Fourteenth Amendment in that he was "not given the same treatment as other parolees, and was targeted and singled out by parole officials . . . ." (Compl. ¶¶ 24.) According to the Complaint, Plaintiff "was on parole serving the remainder of a 2-4 yr. indeterminate sentence" and "was charged with violating parole" following Plaintiff's admitted use of a cell phone belonging to another resident while an inpatient at the Phoenix House rehabilitation program. (Id. at ¶¶ 1, 4, 6.) Plaintiff was immediately discharged from Phoenix House and was taken to the New York State Parole Office located in Bohemia, New York where he reported to Officer Thomas. (Id. ¶¶ 10-11.) According to Plaintiff, Officer Thomas "made light" of the "cell phone incident" and explained that since Plaintiff had only six weeks left of parole supervision, "this de minimus violation would likely not

---

[1] All allegations in the Plaintiff's Complaint are presumed to be true for the purposes of this Memorandum and Order.

cause a violation to be charged . . . ." (Id. ¶ 11.) Plaintiff alleges that he was informed by Officer Thomas, after Officer Thomas met with a supervisor, that "no violation would be charged" and Plaintiff was instructed by Officer Thomas to go home to his approved residence but to return the following day. (Id. ¶ 12.) The following day, Plaintiff claims to have reported to Officer Thomas, and although he passed a urinalysis drug test, was "rushed by 4-6 parole officers," including Defendants Murphy and Osborne and "was placed in handcuffs and told he was being arrested for violating conditions of his release on parole." (Id. ¶ 13-14.)

Plaintiff next alleges that he immediately filed a habeas corpus petition in state court challenging his arrest and claiming that he has "been continually harassed by N.Y.S. Parole Officials." (Id. ¶ 16-17.) Plaintiff contended that parole officers have "ransack[ed] his residences, file[d] unlawful & false charges on him and used malicious spiteful means to prosecute plaintiff with ill-intent." (Id. ¶ 17.) According to the Complaint, Suffolk County Supreme Court Judge Emily Pines granted Plaintiff's habeas petition, vacated the warrant, and dismissed the parole violation report. (Id. ¶ 23.) Further, Plaintiff was ordered to be released from custody and he was so released. (Id.)

As a result of the foregoing, Plaintiff claims that Defendants have violated his right to equal protection under the law in that he was singled out and treated differently from other

3

parolees. (Id. ¶ 24.) More specifically, Plaintiff alleges that "all Defendants, Osborne, Murphy, and Thomas" caused Plaintiff's unlawful arrest since they "issued, authorized and/or signed the warrant" while knowing that Plaintiff had been discharged to an approved residence. (Id. ¶ 25-26.) Plaintiff further alleges that the Division of Parole nonetheless "pursued such bogus and untrue allegations . . . ." (Id. ¶ 27.) Accordingly, Plaintiff seeks to recover compensatory damages in the amount of $10,000 per day for the twenty-nine days Plaintiff was imprisoned. In addition, Plaintiff seeks to recover punitive damages in the amount of $100,0000 against each individual Defendant, namely Ewald, Thomas, Murphy, and Osborne, as well as $500,000 in punitive damages against the Division of Parole.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous

4

or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a petitioner must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right, but rather, is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989). Here, Plaintiff alleges that he was deprived of his Fourteenth Amendment right to equal protection. The Court considers his claim against each Defendant below.

A. Claim Against Ewald

In order to state a claim for relief under Section 1983

6

against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, "a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d. Cir. 2011).

Here, apart from the caption and the list of Defendants on the first page of the Complaint, Ewald is not again mentioned. Thus, there are no factual allegations against Ewald and it appears that Plaintiff seeks to impose liability against Ewald solely because of the supervisory position he holds. Thus, Plaintiff's claim against Ewald is not plausible. Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)); see also Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (noting that a supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983).

Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Ewald regarding any of the challenged conduct. Consequently, the Section 1983 claim asserted against Ewald is not plausible and is DISMISSED WITHOUT PREJUDICE with leave to amend the Complaint in accordance with this Order.

B. Claim Against the Division of Parole

It is well-established that suits for compensatory or other retroactive relief against states, state agencies, and state officials sued in their official capacities are barred by the Eleventh Amendment to the U.S. Constitution absent their consent to such suits or an express statutory waiver of immunity. See, e.g., Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 618-19, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002); Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); see also Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Ed., 466 F.3d 232, 236 (2d Cir. 2006) (The Eleventh Amendment "bar[s] federal suits against state government by a

8

state's own citizens."). "New York has not waived its immunity as to suits seeking either monetary or injunctive relief in federal court,' . . . nor has Congress abrogated such immunity." Bonano v. Stanisqewski, No. 12-CV-5879, 2013 WL 4647526, at *2 (E.D.N.Y. Aug. 29, 2013) (internal quotation marks and citation omitted). Thus, as an agency or arm of the State of New York, the Division of Parole is immune from suit under the Eleventh Amendment. See McCloud v. Jackson, 4 F. App'x 7, 10 (2d Cir. 2001) (dismissing claims against New York State Division of Parole because "the Eleventh Amendment bars suits against states and state agencies"); Jones v. N.Y.S. Div. of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1999) ("The Supreme Court has interpreted the [Eleventh] [A]mendment to bar suits against the States by their own citizens . . . ."); Heba v. N.Y. State Div. of Parole, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007) (barring Section 1983 action against New York State Division of Parole on the basis of Eleventh Amendment sovereign immunity).[2] Accordingly, Plaintiff's claim against the Division of Parole is barred by the Eleventh Amendment and is thus

---

[2] Plaintiff's 1983 claims against the New York State Division of Parole and his official capacity claims against the individual Defendants fail for the additional reason that "a State is not a person within the meaning of § 1983." Will v. Mich. Dept. of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983."). Thus, any Section 1983 claim against these Defendants is implausible as a matter of law.

DISMISSED WITH PREJUDICE.

    C.    <u>Claims Against Bureau Chief Osborne, Officer Murphy, and Officer Thomas</u>

Plaintiff also seeks to recover damages against Bureau Chief Osborne, Officer Murphy, and Officer Thomas, all of whom are sued in their individual and official capacities.  However, Plaintiff's official capacity claims against these Defendants are implausible because the Eleventh Amendment also operates to bar suits for monetary damages against state employees sued in their official capacity.  <u>Will</u>, 491 U.S. at 70-71; <u>Huminski v. Corsones</u>, 396 F.3d 53, 70 (2d Cir. 2005) ("[S]tate officials cannot be sued in their official capacities for retrospective relief under section 1983.").  Thus, Plaintiff's claims for monetary damages against these New York State officials sued in their official capacities are DISMISSED WITH PREJUDICE.

Plaintiff also seeks to impose liability and recover monetary damages against the individual Defendants in their individual capacities for the alleged deprivation of Plaintiff's Fourteenth Amendment right to equal protection. The Equal Protection Clause directs that "'all persons similarly circumstanced shall be treated alike.'" <u>Plyler v. Doe</u>, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982) (quoting <u>F.S. Royster Guano Co. v. Virginia</u>, 253 U.S. 412, 415, 40 S. Ct. 560, 64 L. Ed. 989 (1920)).  To state a cognizable equal protection claim, a plaintiff must allege sufficient facts that plausibly suggest

that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination "directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995) ("The equal protection clause directs state actors to treat similarly situated people alike.") (citing McCleskey v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); Kadrmas v. Dickinson Pub. Schs., 487 U.S. 450, 457-58, 108 S. Ct. 2481, 101 L. Ed. 2d 399 (1988)).

Here, the Complaint does not contain any factual allegations that Plaintiff was treated differently than other similarly situated individuals, much less that any such treatment was a result of intentional or purposeful discrimination based on Plaintiff's membership in any identifiable or suspect class. Rather, Plaintiff alleges only that "Defendants violated [Plaintiff's] rights to equal protection under the law whereby Plaintiff was not given the same treatment as other parolees, and was targeted and singled out by parole officials and the Defendants." (Compl. at 24.) As is readily apparent, Plaintiff's conclusory allegations are merely legal conclusions unsupported by any facts. Accordingly, Plaintiff has not alleged a plausible equal protection claim. See, e.g., Twombly, 550 U.S. at 555 (stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation," entitlement to relief

11

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" (quotation marks and internal citation omitted)). Thus, Plaintiff's Section 1983 claims against Bureau Chief Osborne, Officer Murphy, and Officer Thomas are DISMISSED WITHOUT PREJUDICE and with leave to amend the Complaint in accordance with this Order.

CONCLUSION

For the reasons set forth above, the application to proceed in forma pauperis is GRANTED. Plaintiff's claim against the Division of Parole and the official capacity claims against Bureau Chief Osborne, Officer Murphy, and Officer Thomas are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Plaintiff's claims against Ewald and the individual capacity claims against Bureau Chief Osborne, Officer Murphy, and Officer Thomas are DISMISSED WITHOUT PREJUDICE with leave to amend the Complaint. Plaintiff is GRANTED leave to file an Amended Complaint with respect to these claims no later than December 20, 2013. If Plaintiff fails to amend the Complaint by December 20, 2013 and/or the Amended Complaint fails to correct the deficiencies of the Complaint, the Complaint will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45,

82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    November   18  , 2013
          Central Islip, New York